UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOHN REULE,

**SUMMONS IN A CIVIL ACTION**

                      Plaintiff,

Case Number: 08 CV 8111

              V.

JUDGE MARRERO

GLENN S. GOORD, LESTER WRIGHT, M.D.,
PAUL ANNETTS, MARIO MALVAROSA, M.D.,
JAMES WALSH, WLADYSLAW SIDOROWICZ, M.D.,
RYSZARD KLYSZEJKO, M.D. and
"JOHN DOE(S)",
                   Defendants
-----------------------------------------------------------------------X

To:    GLENN S. GOORD
       Commissioner of New York State
       Department of Correctional Services
       State Office Building Campus
       1220 Washington Avenue
       Albany, New York 12226

       LESTER WRIGHT, M.D.
       Commissioner of Health Services
       for New York State Department
       of Correctional Services
       State Office Building Campus
       1220 Washington Avenue
       Albany, New York 12226

       PAUL ANNETTS
       Superintendent of Downstate
       Correctional Facility
       Red Schoolhouse Road
       Fishkill, New York 12524

       MARIO MALVOROSA, M.D.
       Facility Medical Director
       Downstate Correctional Facility
       Red Schoolhouse Road
       Fishkill, New York 12524

RYSZARD KLYSZEJKO, M.D.
Medical Doctor at Downstate
Correctional Facility
Red Schoolhouse Road
Fishkill, New York 12524

JAMES WALSH
Superintendent of Sullivan
Correctional Facility Annex
325 Riverside Drive
Fallsburg, New York 12733

WLADYSLAW SIDOROWICZ, M.D.
Facility Medical Director Sullivan
Correctional Facility Annex
325 Riverside Drive
Fallsburg, New York 12733

"JOHN DOE(S)"
Medical Staff Member(s)
Employed by New York State
Department of Correctional Services
State Office Building Campus
1220 Washington Avenue
Albany, New York 12226

**YOU ARE HEREBY SUMMONED** and required to serve on ROURKE FINE & JANUSAS, Attorneys for Plaintiff, 3 Maple Street, P.O. Box 71, Liberty, New York 12754 an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable time after service.

_____          _____
CLERK                                                       DATE

_____
(By) DEPUTY CLERK

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN REULE,

                                   **COMPLAINT**

                    Plaintiff,

                               Case Number: 08 CV 8111

          V.                             JUDGE MARRERO

GLENN S. GOORD, LESTER WRIGHT, M.D.,
PAUL ANNETTS, MARIO MALVAROSA, M.D.,
JAMES WALSH, WLADYSLAW SIDOROWICZ, M.D.
RYSZARD KLYSZEJKO, M.D. and
"JOHN DOE(S)",

                          Defendants
-------------------------------------------------------------------X

       Plaintiff, JOHN REULE, complaining of the defendants, by his attorneys, ROURKE FINE & JANUSAS, respectfully alleges:

***INTRODUCTION***

       1.     Plaintiff was playing soccer at the Sullivan Correctional Facility in September of 2005, when he fell and broke his leg in two places.  The fractures required surgery to install hardware in his leg and application of a cast up to his knee.  The surgery was performed at Mount Vernon Hospital, and he was told by the surgeon, non-party defendant JONATHAN HOLDER, M.D. that he would need to see him again for post-surgical follow up a short time later for a permanent cast and removal of surgical staples.

       2.     The defendants failed to arrange a follow up visit for the plaintiff, sent him to Downstate Correctional Facility, and placed him in the general population.  Shortly thereafter, the plaintiff went to sick call, and explained to RYSZARD KLYSZEJKO, M.D., that the cast on his

leg smelled bad, and it was bleeding.  RYSZARD KLYSZEJKO told the plaintiff that this was "normal" and it would go away as his leg healed.

3.      Over a month after the surgery, the plaintiff awoke in his cell to find that the smell from his left leg had become unbearable, and blood was profusely pouring out of the cast.  The plaintiff was rushed back to Mount Vernon Hospital and diagnosed with a severe case of MRSA (Staph Infection), and a second surgery was performed on his leg in an attempt to limit the progression of the infection by scraping away diseased tissue in and around the leg bone.

4.      During the course of his treatment and follow up care, the plaintiff was not given crutches, as ordered by his doctors, and was instead caused to hop on his good leg to get anywhere within the facility in which he was incarcerated.  This further exacerbated his suffering and injuries, and was the source of great pain and discomfort in and of itself.

5.      To this day, the Plaintiff experiences MRSA outbreaks on a weekly basis, and will require antibiotic medication every day for the rest of his life in an effort to limit the possibility of the MRSA infection overwhelming his internal organs, which would result in his death.

6.      The instant Complaint is a classic case of medical care which is so clearly inadequate as to amount to a refusal to provide essential care, so inappropriate as to evidence intentional maltreatment causing serious injuries. Prisoners clearly do not surrender all their constitutional rights when they enter the prison gates. Decent medical care is a basic human right which must be afforded all people, whether or not imprisoned.

***JURISDICTION***

7.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C.§ 1331(a) and under the substantive rights created by the Constitution of the United States.  Plaintiff, JOHN REULE, is

4

suing for monetary damages for injuries sustained as a result of the violation of his civil rights.

***PARTIES***

8.      Plaintiff JOHN REULE, who suffered willful, wanton and criminally negligent medical care of such a degree to constitute intentional maltreatment.

9.      Defendant GLEN S. GOORD was the Commissioner of the New York State Department of Correctional Services, sued individually and in his official capacity as Commissioner.

10.     Defendant LESTER WRIGHT, M.D. was the Commissioner of Health Services, New York State Department of Correctional Services, sued individually and in his official capacity as Commissioner.

11.     Defendant PAUL ANNETS was the Superintendent of Downstate Correctional Facility and is responsible for the care and management of the prisoners confined in his institution; sued individually and in his official capacity as Superintendent.

12.     Defendant MARIO MALVOROSA, was the Facility Medical Director and is responsible for the medical care and management of the prisoners confined in his institution; sued individually and in his official capacity as Medical Director.

13.     Defendant JAMES WALSH was the Superintendent of Sullivan Correctional Facility Annex and is responsible for the care and management of the facility; sued individually and in his official capacity as Superintendent.

14.     Defendant WLADYSLAW SIDOROWICZ, M.D. was the Facility Medical Director at Downstate Correctional Facility and is responsible for the medical care and management of the prisoners confined in his institution; sued individually and in his official

capacity as Medical Director.

15.     Defendant RYSZARD KLYSZEJKO, M.D. was a Medical Doctor at Downstate Correctional Facility and is responsible for the medical care and management of the prisoners confined in his institution; sued individually and in his official capacity as Medical Doctor.

16.     Defendant "JOHN DOE(S)" were medical staff member(s) within the facilities of the New York State Department of Correctional Services, whose name(s) is (are) unknown to date, and whose name(s) plaintiff intends to ascertain during the course of discovery in this action.

*COUNT I*

17.     The plaintiff was convicted of grand larceny in 2005 and placed in the custody of the New York State Department of Correctional Services at the minimum security Sullivan Correctional Facility Annex in the Town of Fallsburg, Sullivan County, New York to serve an indeterminate sentence of five (5) to (15) years imprisonment.  The plaintiff has been awarded early release and will be released on or before October 17, 2008.

18.     On September 13, 2005, the plaintiff fractured his left tibia and femur during a soccer game at the Sullivan Correctional Facility Annex, and was taken to Mount Vernon Hospital by prison staff for emergency treatment.

19.     On September 15, 2005, the plaintiff underwent surgery at Mount Vernon Hospital to install hardware intended to keep his leg bones in a proper position for healing.  At the end of the surgery, surgical staples were installed to close the wound, and the plaintiff was placed in a temporary cast.

20.     Prior to discharge from Mount Vernon Hospital, non-party orthopedic surgeon JONATHAN HOLDER, M.D. told the plaintiff that prison staff have been directed to transport

6

him to Mount Vernon Hospital for a follow up visit within ten days, on or about September 25, 2005, to have the surgical staples removed and a permanent cast installed.

21.     The plaintiff was not transported to Mount Vernon Hospital for a follow up visit as directed by JONATHAN HOLDER, M.D., and was instead released back to the general population at Downstate Correctional Facility on September 22, 2008.  In addition, plaintiff was only provided with crutches intermittently when he returned to the general population, and as a result was forced to hop on his one good leg to get around the cellblock.

22.     On or about October 7, 2008, plaintiff was seen by defendant RYSZARD KLYSZEJKO, M.D., a staff doctor at Downstate Correctional Facility, and plaintiff made complaints about discomfort, a small amount of blood, and a foul smell emanating from the leg cast.  In response, defendant RYSZARD KLYSEJKO, M.D. told the plaintiff that this was "normal" and should not concern him.

23.     On or about October 17, 2008, plaintiff awoke in his cell and discovered that his cast was bleeding profusely and an unbearably foul smell was overwhelming him.  After alerting his keepers, plaintiff was transported to the Mount Vernon Hospital Emergency Room, where he was diagnosed with a severe case of MRSA, which had penetrated his leg bones and traveled through his organs.

24.     During the Emergency Room visit on October 17, 2005, non-party orthopedic surgeon JONATHAN HOLDER, M.D. examined the plaintiff and discovered that the surgical staples he installed had come apart, and that the surgical wound had ruptured and was healing abnormally due to exposure to the air.  Plaintiff was immediately placed in quarantine, and underwent surgery to remove the hardware in his leg, and to excise any visibly diseased tissue.

7

25.     After the surgery, a hard cast was placed on the plaintiff's leg, and he was returned to the Medical Housing Unit (hereinafter "MHU") at Downstate Correctional Facility, where he stayed for approximately forty five (45) days.  While plaintiff was in the MHU, he was constantly administered intravenous antibiotics in an effort to combat the systemic MRSA infection.

26.     After his stay at the MHU at Downstate Correctional Facility, the plaintiff was returned to the Sullivan Correctional Facility Annex, and was prescribed powerful oral antibiotics which he takes every day, and will require for the rest of his life.  Again, plaintiff was only sporadically provided with crutches, forcing him to hop on his good leg in order to ambulate.

27.     The above alleged acts of the defendants and their agents, coupled with the failure of the defendants to return the plaintiff to Mount Vernon Hospital for post-surgical follow up, and to deprive him of crutches, constitutes a course of medical care so clearly inadequate as to amount to the refusal to provide essential care. Such acts were so blatantly inappropriate as to evidence intentional maltreatment resulting in violation of the due process clause of the Fifth Amendment to the United States Constitution.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for $1,000,000 in actual damages, plus costs of this action, including attorneys fees; and such other relief as this Court deems just, proper and equitable.

*COUNT II*

Plaintiff hereby respectfully realleges and incorporates paragraphs 1 through 27 of Count I as if fully set forth herein.

28.     The above alleged acts of the defendants and their agents and their failure to return the plaintiff to Mount Vernon Hospital for post-surgical follow up, failure to address his medical

complaints, and failure to provide him with crutches, constituted cruel and unusual punishment, violative of the Eighth Amendment to the United States Constitution.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for $1,000,000 in actual damages, plus the costs of this action, plus such other relief as this Court deems just and proper.

**COUNT III**

Plaintiff hereby realleges and incorporates paragraphs 1 through 27 of Count I as if fully set forth herein.

29.     The above alleged actions of the defendants were of a malicious and intentional nature and manifest a deliberate indifference of requests for essential treatment.

WHEREFORE, plaintiff demands judgment against the Defendants jointly and severally, for $1,000,000 in punitive damages, plus costs and any relief which this Court deems appropriate.

**COUNT IV**

Plaintiff hereby realleges and incorporates paragraphs 1 through 27 of Count I as if fully set forth herein.

87.     The above alleged actions of the defendants were as a result of an institutionalized policy of deliberate indifference towards prisoners, such as the plaintiff, who require essential medical care, and also the result of negligent hiring and training of employees who are incapable of providing said essential medical care.

WHEREFORE, plaintiff demands judgment against the Defendants jointly and severally, for $1,000,000 in punitive damages, plus costs and any relief which this Court deems appropriate.

Dated: County of Sullivan
September 14, 2008

                                                   /s/

ROURKE FINE & JANUSAS
By: JOHN V. JANUSAS
Attorneys for Plaintiff
3 Maple Street, P.O. Box 71
Liberty, New York 11754
(845) 292-2000

To:    GLENN S. GOORD
Commissioner of New York State
Department of Correctional Services
State Office Building Campus
1220 Washington Avenue
Albany, New York 12226

LESTER WRIGHT, M.D.
Commissioner of Health Services
for New York State Department
of Correctional Services
State Office Building Campus
1220 Washington Avenue
Albany, New York 12226

PAUL ANNETTS
Superintendent of Downstate
Correctional Facility
Red Schoolhouse Road
Fishkill, New York 12524

MARIO MALVOROSA, M.D.
Facility Medical Director
Downstate Correctional Facility
Red Schoolhouse Road
Fishkill, New York 12524

RYSZARD KLYSZEJKO, M.D.
Medical Doctor at Downstate

Correctional Facility
Red Schoolhouse Road
Fishkill, New York 12524

JAMES WALSH
Superintendent of Sullivan
Correctional Facility Annex
325 Riverside Drive
Fallsburg, New York 12733

WLADYSLAW SIDOROWICZ, M.D.
Facility Medical Director Sullivan
Correctional Facility Annex
325 Riverside Drive
Fallsburg, New York 12733

"JOHN DOE(S)"
Medical Staff Member(s)
Employed by New York State
Department of Correctional Services
State Office Building Campus
1220 Washington Avenue
Albany, New York 12226